RICHARD A. MARSHACK, #107291
rmarshack@marshackhays.com
D. EDWARD HAYS, #162507
ehays@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
KARL T. ANDERSON

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>CLIFFORD ALLEN BRACE, JR.,<br><br>Debtor. | Case No. 6:11-bk-26154-SY<br><br>Chapter 7<br><br>**STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND DEBTOR RE: COOPERATION WITH TRUSTEE AND GLOBAL RESOLUTION OF PENDING LITIGATION ACTIONS**<br><br>[NO HEARING REQUIRED] |

TO THE HONORABLE SCOTT H. YUN, UNITED STATES BANKRUPTCY JUDGE, THE

OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

This stipulation is entered into between Karl T. Anderson, in his capacity as Chapter 7

Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Clifford Allen Brace, Jr. ("Debtor"), on

the one hand, and Debtor, on the other hand, regarding the terms of Debtor's cooperation with

Trustee's administration of the Estate.

## Recitals

A.    On May 16, 2011, Clifford Allen Brace, Jr. ("Debtor") filed a voluntary petition for

bankruptcy under Chapter 7 of Title 11 of the United States Code. Robert L. Goodrich ("First

Trustee") was appointed as the Chapter 7 trustee.

B.       On December 5, 2015, Steven M. Speier ("Second Trustee") was substituted as the trustee in the case.

C.       On September 22, 2021, Karl T. Anderson (previously defined as "Trustee") was substituted as the second successor trustee in the case.

D.       On January 31, 2022, pursuant to an order of civil contempt and writ for bodily detention entered by the bankruptcy court, Debtor was placed into federal custody and is currently detained in the Municipal Detention Center in Los Angeles, California.

## Stipulation

By signing the below terms, Clifford A. Brace, Jr. ("Debtor" or "Brace"), debtor in case no. 6:11-bk-26154-SY, expresses his desire to fully purge his contempt of all court orders, agrees to cooperate with the Chapter 7 Trustee, Karl T. Anderson ("Trustee") in liquidating estate property, and agrees to comply with his statutory duties under 11 U.S.C. § 521(a)(3) to cooperate with the Trustee's administration of the estate.

Debtor agrees to the following specific items of cooperation, which terms shall be considered binding upon Debtor and enforceable by all authority of the bankruptcy court.

a)       Debtor shall, individually and in his capacity as the executor of the Estate of Geraldine Elizabeth Johnson (aka G.E. Johnson) and on behalf of all his aliases and entities including Title-Realty Services, Geraldine Elizabeth Johnson Living Trust, All Construction Services, Orange Tree Fund ("Claiming Entities"), quitclaim and reconvey any and all alleged interests that he or such others have in title to or liens against the following three properties ("Properties"):

  i.   470 E. Crescent Ave., Redlands, CA

  ii.  4250 N F Street, San Bernardino, CA

  iii. 16270 Chippewa Road, Apple Valley, CA

b)       Debtor agrees that the Properties are wholly property of the bankruptcy estate subject to the Trustee's sole administration, and shall not interfere or in any way or hinder Trustee's continuing administration of the properties. Debtor further agrees not to attempt to rent the Properties to any third parties on behalf of himself or any third party.

4844-8163-4230, v. 1

1    c)    Debtor shall execute and deliver all quitclaim deeds, reconveyances, releases of liens,

2  mortgages, and all other encumbrances for himself and all other entities listed above to aid in the

3  closing of escrow for the Trustee's sale of the Properties ("Releases"). Debtor represents and

4  warrants that he is not aware of any other claims to or liens against the Properties that are not being

5  released in the Releases The original fully executed and notarized Releases shall be delivered to

6  Debtor's attorney, Paul M. Stoddard, who will hold same in trust pursuant to paragraph "R," below.

7    d)    Debtor shall dismiss and dissolve the probate proceeding in Arizona. The probate

8  estate of G.E. Johnson shall be considered fully administered and shall never be reopened. The

9  dismissal of the probate shall occur subject to Debtor's release from custody as set forth in paragraph

10 "R," below. The original signed petition for dismissal and dissolution of the probate proceeding shall

11 be given to Debtor's attorney, Paul M. Stoddard, who will hold same in trust pursuant to paragraph

12 "R," below.

13    e)    No probate estate for Anh N. Brace shall ever be opened that would affect the three

14 Properties listed above, and Debtor, further, waives all interests in the three Properties listed above

15 that would be derived from his status as successor-by-death of any interest of Anh N. Brace in the

16 Properties in favor of the Estate. Such release to be included in the Releases set forth above.

17    f)    Debtor shall immediately sign a stipulation for dismissal of the pending appeal of the

18 order authorizing the sale of the Crescent property, U.S. Dist. Case No. 5:21-cv-01120-JGB, and

19 such dismissal shall be *with prejudice*. The signed stipulation for dismissal shall be held in trust by

20 Debtor's attorney, Paul M. Stoddard, and released to the Trustee's counsel concurrent with Brace's

21 release from custody. If there is a procedural or substantive problem in filing the stipulation for

22 dismissal, Brace irrevocably authorizes Paul M. Stoddard to take all steps necessary to secure

23 dismissal of the appeal. Brace shall take all steps necessary to resolve any substantive or procedural

24 issues to make certain that the appeal be dismissed.

25    g)    Debtor agrees to entry of a stipulated judgment in adversary proceeding no. 6:11-ap-

26 02053-SY providing that the Crescent Property and San Bernardino Property are avoided, recovered,

27 and preserved in favor of the Estate and such properties shall be adjudged 100% property of the

28 bankruptcy estate subject to the Trustee's sole administration. Debtor will neither oppose nor appeal

3

4844-8163-4230. v. 1

1  any order obtained by Trustee to sell the Properties. The original signed stipulation for entry of

2  judgment shall be delivered to Debtor's attorney, Paul M. Stoddard, who will hold same in trust

3  pursuant to paragraph "R," below.

4      h)      The Trustee irrevocably assigns his interest in the foreclosure proceeds of $227,000

5  to Catamount. The Trustee to be made whole with retention and sale of the Chippewa property and

6  all proceeds of sale. Catamount may pursue collection of its judgment against Debtor entered by the

7  Court. Debtor shall provide sworn financials of all assets under his possession, custody, or control to

8  demonstrate his ability or lack of ability to repay the proceeds received from the Chippewa property.

9  Debtor shall provide sworn financials of all assets under his possession, custody and control to

10  demonstrate his ability of lack of ability to repay the proceeds from the Chippewa property.

11      i)      If the sworn accounting is produced as stated above, and the Chippewa Property is

12  sold without interference by Debtor, Trustee will not pursue the Estate's rights to Debtor's receipt of

13  the foreclosure proceeds, and such claim will be merged and assigned into Catamount's judgment

14  against Debtor without the right of contempt.

15      j)      Debtor shall provide and file an address for service of process which is his residential

16  address and shall immediately inform Trustee, his counsel, and the Court of any change in address.

17      k)      An administrative claim of $7,000 shall be allowed and allocated for the payment of

18  the legal fees and expenses of Paul Stoddard, Esq. for his assistance with documenting and

19  representing Debtor's interests in connection with the bankruptcy proceedings. Provided that the

20  Court issues an order approving such payment, such payment will be paid to Paul M. Stoddard

21  immediately upon the close of the sales of all three Properties and without need for further order of

22  the Court.

23      l)      Debtor acknowledges that this case will not result in any surplus given the amount of

24  administrative and unsecured claims.

25      m)      Debtor waives all rights to contest the allowance of professional fees and expenses in

26  this case because it will not be a surplus case. Debtor shall neither oppose any motions that do not

27  affect the personal rights of Debtor under this Agreement nor file any appeals of any orders entered

28

STIPULATION FOR DEBTOR'S COOPERATION WITH TRUSTEE

4844-8163-4230. v. 1

by the Court with regard to such motions. Debtor shall neither file any claims to alter the terms of this Agreement nor seek to appeal entry of an order approving this agreement.

n)    Debtor waives and releases any alleged claims against the trustees in this case and all retained professionals.

o)    Debtor agrees that all unclaimed funds from returned distributions in this case (since this case is over 10 years old and creditors may not accept funds so late) shall be donated to the bankruptcy court and not returned to him.

p)    Any violations of these terms will result in a further finding of contempt. Debtor acknowledges that the estate is not releasing any claims by entering this agreement. The purpose of this agreement being only to demonstrate full cooperation and allow Trustee to complete administration of this case.

q)    If Debtor signs this stipulation, fully complies with all terms, and purges his contempt or demonstrates to the satisfaction of the Court and Trustee that any remaining compliance is impossible, Trustee will support Debtor's request that the contempt order be deemed fully resolved pending full and complete compliance with the terms of this agreement.

r)    Paul Stoddard, Esq. will hold all original documents to be signed by Debtor to implement the terms of this agreement including the Releases, stipulation to dismiss probate, stipulation to dismiss appeal of sale order, stipulation for entry of judgment, and such releases in trust which will not be delivered to the Trustee's Possession unless and until the Court enters an Order finding that Mr. Brace has fully and completely purged his contempt or demonstrated to the satisfaction of the Court and Trustee that any remaining compliance is impossible; however, all documents needed to close the sale of the Redlands property shall be released to attorneys for Trustee or filed concurrent with Debtor's release from custody. To be clear, Debtor to sign all documents necessary or convenient for the estate to sell all three Properties. Documents concerning the Redlands property shall be released on or after Debtor is released from custody. Documents relating to other properties shall be held by Paul M. Stoddard pending the Court's determination that Debtor has fully purged his contempt or demonstrated impossibility. Should Debtor fail to appear and any subsequent status hearing set by the Court and the Court determines that any such failure is

5

1 without adequate excuse, then Mr. Stoddard shall be required to deliver to Trustee the balance of the

2 documents he is holding in trust.

3        s)    Debtor agrees to personally attend all status of contempt hearings set by the Court

4 that require his personal appearance and all hearings set by the Court to determine compliance with

5 this Stipulation and the Order entered by the Court approving this stipulation. Debtor further agrees

6 to fully and completely cooperate with Trustee and honor all terms of this agreement unless parties

7 otherwise execute a stipulation that modifies this agreement.

8        t)    Debtor shall reside in Riverside County or Maricopa County and must provide his

9 counsel with an address where he is at each night and day unless he leaves for less than 48 hours,

10 and such address and his whereabouts shall be relayed to the Marshals and, upon request, to Trustee

11 and Trustee's counsel. This provision is in addition to any requirements imposed by the Marshals.

12        u)    Debtor agrees not to file any documents, or take any steps including but not limited

13 to, appeals, *lis pendens*, or any document that would interfere with the closing of the sale of the

14 Properties by the Trustee.

15        v)    Debtor waives, and agrees not to assert, any claim of exemption in the Properties and

16 their proceeds.

17        w)    Parties agree and acknowledge that this agreement may only be modified by mutual

18 consent or by the court upon showing of good cause.

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26        **x)**    Each term of this agreement shall be integrated into an Order of the Court.

27

28

STIPULATION FOR DEBTOR'S COOPERATION WITH TRUSTEE

4844-8163-4230, v. 1

Dated:  March ___, 2022

MARSHACK HAYS LLP

By:_____

RICHARD A. MARSHACK
D. EDWARD HAYS
TINHO MANG
Attorneys for Chapter 7 Trustee
KARL T. ANDERSON

Dated:  March _____, 2022

By:_____

CLIFFORD ALLEN BRACE, JR.
Debtor

APPROVED AS TO FORM:

By:_____

PAUL M. STODDARD
Attorneys for Debtor

7

4844-8163-4230. v. 1

## PROOF OF SERVICE OF DOCUMENT

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.