PAUL M STODDARD #098477
pstodd5772@aol.com
40004 Cook St. Suite 3
Palm Desert, California 92211
Telephone: (760) 320-8345
Facsimile: (760) 568-3053

Attorney for Debtor,
CLIFFORD ALLEN BRACE

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| In re | Case No. 6:11-bk-26154-SY |
|---|---|
| CLIFFORD ALLEN BRACE, JR., | Chapter 7 |
| Debtor. | DECLARATION OF COOPERATION OF CLIFFORD A BRACE PURSUANT TO STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND DEBTOR RE: COOPERATION WITH TRUSTEE AND GLOBAL RESOLUTION OF PENDING LITIGATION ACTIONS DOC# 370 |
| | Date: January 25 , 2023<br>Time: 2:00 p.m.<br>Ctrm: 302<br>Address: 3420 Twelfth  St. Riverside, CA |

TO THE HONORABLE SCOTT H. YUN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

**RECITALS**

**1. HEARING ON 10/5/2022:**

The continued hearing on Order to Show Cause Re: Civil Contempt Order for Willful Violation of Automatic Stay by Conducting Unlawful Foreclosure Sale of the Estate Property was held on October 5, 2022 at 1:30 p.m. At the hearing the Court recognized the cooperation of the Debtor since his incarceration and acknowledged the receipt by the Trustee of approximately $1.2 million dollars arising from said cooperation. The only remaining issue as raised by Mr. Hays in oral

1

DECLARATION OF COOPERATION CLIFFORD ALLEN BRACE

testimony was the payment of approximately $26,000.00 as sanctions ordered on July 22, 2020 (see Court Transcript p. 2 lines 8-12). The Court requested that the Debtor Mr. Brace, provide a statement setting forth the bank account for All Construction Services and any other bank accounts that might have $1,000.00 or less and just state that he believes there may be money in the account and that he has no control over the accounts. (summary of Ct Transcript p. 11 lines 17-25). The Court requested that Mr. Brace disclose as much as he knows, and he has to say , I am not in control of these accounts. (Ct. Transcript p. 15 lines13-16)

## 2. $26,000.00 IN FEES ALREADY PAID AS A RESULT OF DEBTOR'S COOPERATION:

On October 10, 2022 (DOC# 449) a 435 page document First Interim Application for Allowance of Fees and Costs by Marshack HaysLLP as general Counsel set forth in detail all of the attorney fees and costs (including postage) from December 13, 2011 to September 30, 2022. The fees sought included a contingency fee (previously approved by the Court) of 20% of all litigation recoveries to be paid to the Firm (see DOC # 449 p.53 lines 12-20). This amount equaled $1,073,582.89. The Firm negotiated with the Trustee and agreed to reduce the amount of the claim, which they did. They reduced their hourly rate to a mere $295.00 (see DOC # 458 p.2 lines 2-23) and total amount of compensation to $1,073,219.64. This was agreed to and accepted by the Trustee and approved by the Court. The stipulation and distribution of money to Mr. Haye's firm was required to be accomplished before the end of 2022 for significant tax advantages to "the allowance and payment of the Firm's administrative expense claim in calendar year 2022 in order to offset income realized by the estate during the same calendar." (see DOC# 458 p. 2 lines 16-19). This would mean that at the time of the continued hearing Mr. Hayes and his Firm have been fully paid from the bankruptcy estate.

### a. $26,000.00 Fees Paid:

The sanctions sought by Mr. Hayes in his oral argument at the hearing on October 5, 2022 were part of the fees paid through the cooperation of Mr. Brace who, without his assistance, would not

have occurred. There is nothing in the declaration of Mr. Hayes in support of the Application for Payment of Interim Fees nor the 435 pages that segregates or in any way indicates that the fees incurred and sought against Mr. Brace were not included in the fees sought and paid through Mr. Brace's cooperation.

Yes Mr. Hayes has reduced his fees and costs to a mere $1,073,219.64 and is satisfied with this compensation as outlined in his applications. There is nothing to indicate or support a claim that the reduction did not include the fees incurred to obtain the OSC re Contempt or the Order on Contempt. Mr. Hayes and his firm have been fully compensated based upon their agreement of compromise. There is nothing to establish that they were not fully compensated to their satisfaction and agreement with the Trustee and this Court. Nothing to show that the $26,080.69 was not administered by the Trustee. The reduction of Bankruptcy Counsel's hourly is not uncommon in a bankruptcy setting where the estate may not yield the amount of assets sufficient to compensate all costs. This is why many of the bankruptcy counsel charge such large hourly rates to compensate for the losses they suffer from under funded bankruptcy estates. Mr. Hayes' Firm raised his hourly rate at least four times during the Brace Bankruptcy.

None of this would have been possible without the cooperation of Mr. Brace. The issue of the payment of the approximate $26,080.69 is no longer. The contempt has been satisfied.

b. **$26,080.69 have been administrated by the Trustee:**

The estate is ready to closed. All of the funds have been distributed including and specifically the Attorney fees. They had to close the estate accounting before the end of 2022, according to the Trustee, Karl Anderson, and pay the attorney fees to avoid a substantial tax consequence to the estate. (see DOC 458) Based upon the Stipulation for Interim Fee Application (DOC#449) Mr. Hayes and his Firm have been fully compensated. The $26,080.69 have been administrated by the Trustee. There is no reason nor basis to leave the sanction amount unadministrated to close the case. With Mr. Brace's cooperation and I would suggest *only* with his cooperation these fees have been administrated and accepted by both the

Main Document    Page 4 of 9

Trustee and this Court in its approval of the Application for First Interim Fees.

The Trustee has now administered the sum of $26,080.69 for attorney's fees and costs as all of these fees and costs were listed in the FIRST INPERIM APPLICATION and this application that has been approved by the ORDER APPROVING STIPULATION filed on November 10, 2022. The trustee did not leave the amount of $26, 080.69 un administered as the court had instructed, but chose to administer them by way of the stipulation.  The firm of Marshack Hays LLP has accepted this stipulation and has been paid by the trustee and now has been made whole. Further more in the hearing on June 18, 2020 (page 16, line 6) the court denied payment in the sum of $312.50 to Marshck Hays LLP, but it was included in the stipulation (page 171, exhibit 2, item 4/29/20) and paid out disregarding the original courts order.

## DECLARATION

I, Clifford Allen Brace Jr., declare:

That I am the Debtor in the above Chapter 7 Bankruptcy.

I am personally knowledgeable of the facts set forth below and would and could competently testify to the same.

On May 11, 2011 debtor filed a no asset bankruptcy and since then has to the best of his ability attempted to identify any and all possible assets to satisfy the debtors purported creditors and to pursue those assets *at no cost to the Debtor' s estate*. To this end the Debtor has amended his schedules to reflect all assets. The Debtor has over a period of 12 years handed over to the Bankruptcy court and the Trustee any and all assets that have been identified by the debtor and debtor declares and states the following assets:

1. In January of 2007 Debtor Brace was listed as the sole signer on the following accounts:

DECLARATION OF COOPERATION CLIFFORD ALLEN BRACE

All Construction Services, Inc. Bank of America, Las Vegas, acct. no. 004964982613

Orange Tree Fund, Inc. Bank of America, Las Vegas, acct. no 004964855258

Debtor has never been informed that these accounts have been closed and there should still be funds in both of the above accounts, exact amounts unknown to the debtor. Other than the above accounts and the accounts listed in the prior declarations submitted to this Court I have no other accounts.

2. On September 12, 2012 it was admitted by deposition of Susanne Christensen that she had taken personal property that belonged to the debtor with an estimated value of **$735,000** from debtor's storage unit in Santa Fe Springs, CA. This asset is listed on Debtor's schedule B and as a scheduled asset has never been addressed by the Trustee in the form of an adversary proceeding nor abandoned by the Trustee.

3. On December 12, 2012 a judgement was entered in a Nevada superior court case no. A541211, All Construction Services, Inc. and Orange Tree Fund, Inc. vs. Bank of America, N.A.; Susanne Christensen; Gregg Goldberg; Southern Marketing, Inc. et al. The court issued a summary judgement in regard to the sums at issue of approximately $580,000 deposited into the above corporation's bank accounts from October 2006 to January 2007, this judgement dismissed plaintiff's suit on the grounds standing. The State Court held that the funds at issue were from Clifford Allen Brace Jr. (debtor) not the Corporation. The funds sought thus belonged to the debtor and not to the corporations and this issue would be subject to litigation in California court in Brace's BK. Upon this judgement being entered on December 21, 2012 the debtor amended his statement of assets in his BK to include the sum of **$580,000.00**, which debtor had sought to recover to pay his creditors. This asset is listed on Debtor's schedule B and as a scheduled asset has never been addressed by the Trustee in the form of an adversary proceeding or abandonment by the Trustee.

3. On September 5, 2014 debtor filed a state court action, Clifford A. Brace vs Susanne

Christensen, et al., Palm Springs Superior Court case no. PSC 1404760 against all defendants for a stated value of **$9,000,000.00.** On September 16, 2015, the Bankruptcy court presiding over debtor's Bankruptcy case, upon Trustee's motion, determined that the claims were property of the Bankruptcy estate and that the court had been informed *ex-parte* that there **was value** to the estate in those claims. The court further stated that no defendants in that case would be **dismissed without the courts approval** and allowing debtor's objections to any such dismissals. The Trustee then of record, Robert L. Goodrich amended debtor's schedule B, personal property to include the asset. This asset is listed on Debtor's schedule B and as a scheduled asset has never been addressed by the Trustee in the form of an adversary proceeding or abandoned by the Trustee.

4.    Debtor filed In the Indio Superior court a case Brace vs Ige for a stated sum of **$70,000.00** and the Trustee filed a motion that was granted, this case was property of the bankruptcy estate and the trustee was substituted as a real party in interest after which the trustee   settled for **$7,500.00.**

The Trustee holds and or has held assets in addition to the **$1,200,000.00** collected from the sale of real property additional amounts of **$735,000.00, 580,000.00, and $9,000,000.00.**

As of this date the debtor has not received an accounting by the Trustee for the above assets of debtor's estate, which the Trustees have held under their fiduciary control on behalf of the debtor and his creditors. *An accounting of these assets is necessary to close the estate for the protection of the debtor and his creditors.*

The Debtor is of the same opinion as the court when it stated, *"now the creditors can get paid,"* debtor wants to see all the creditors get paid not just a select few.  It is clear from the total assets in the debtor's estate, held by the trustee that this can be done.  There should be sufficient funds to pay all the creditors in full and the balance refund to the debtor.  The trustee has already paid a purported creditor $180,000 who was the last purported creditor in line and now should look to paying the priority creditors with claims against the debtor's estate from the debtors existing stated

assets.

If the Trustee has any specific questions as to assets, accounts, entities, corporations etc. let the trustee specify in writing naming the asset, account, entities, corporations etc. and the debtor will attempt to research and answer specific questions to aid in the collection of those assets.

Dated: January 9, 2023

*[Signature]*

CLIFFORD ALLEN BRACE, JR.
Debtor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
40004 Cook Street, Suite 3, Palm Desert, CA 92211.

A true and correct copy of the foregoing document entitled (*specify*): DECLARATION OF COOPERATION OF CLIFFORD A BRACE PURSUANT TO STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND DEBTOR RE: COOPERATION WITH TRUSTEE AND GLOBAL RESOLUTION OF PENDING LITIGATION ACTIONS DOC #370

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/11/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 01/11/2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge **will be completed** no later than 24 hours after the document is filed.

Karl T Anderson
340 S Farrell Dr Suite A210
Palm Springs, CA 92262

Honorable Scott H Yun, United States Bankruptcy Court
Central District California, 3420 Twelfth Street, Suite 345/Courtroom 302
Riverside, CA 92501-3819

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 01/11/2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge **will be completed** no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 01/11/2023 | Cheryl Lauridsen | *Cheryl Lauridsen* |
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

PROOF OF SERVICE OF DOCUMENT (cont)

SERVICE INFORMATION FOR CASE #6:11-bk-26154-SY

## 1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):

- **Karl T Anderson (TR)**  vinland@live.com, kanderson@ecf.axosfs.com
- **Paul W Cervenka**  paul.cervenka@bonialpc.com
- **Yausheka H Colding**  efile@fivelakesagency.com, efile@fivelakesagency.com
- **Seth P Cox**  seth.cox@civicfs.com, dmarcus@wedgewood-inc.com;jpeeler@wedgewood-inc.com;seth.cox@summitlegal.pro
- **Matthew Grimshaw**  mgrimshaw@marshackhays.com, mgrimshaw@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **D Edward Hays**  ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **D Edward Hays**  ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Johnathan J Kirby**  Johnathan.Kirby@JeffersonCapitalInternational.com
- **Tinho Mang**  tmang@marshackhays.com, tmang@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com
- **Judith E Marshack**  jmarshack@marshackhays.com, jmarshack@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Richard A Marshack**  rmarshack@marshackhays.com, lbuchananmh@ecf.courtdrive.com;rmarshack@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **W. Derek May**  wdmlaw17@gmail.com, r48266@notify.bestcase.com
- **Kelly L Morrison**  kelly.l.morrison@usdoj.gov
- **Michael Salanick**  msalanick@salanicklaw.com
- **David Samuel Shevitz**  david@shevitzlawfirm.com, shevitzlawfirm@ecf.courtdrive.com;r48785@notify.bestcase.com;Jose@shevitzlawfirm.com
- **Ramesh Singh**  claims@recoverycorp.com
- **Paul M Stoddard**  pstodd5772@aol.com
- **United States Trustee (RS)**  ustpregion16.rs.ecf@usdoj.gov
- **Amelia B. Valenzuela**  amelia.valenzuela@quarles.com, sybil.aytch@quarles.com
- **Stephen R Wade**  srw@srwadelaw.com, reception@srwadelaw.com
- **Gilbert B Weisman**  notices@becket-lee.com